United States District Court
Southern District of Texas
**ENTERED**
January 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT MANABU TORSON, | § § | CIVIL ACTION NO. 4:21-cv-00778 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| HYUNDAI OILBANK CO LTD d/b/a HYUNDAI OIL HOUSTON OFFICE CO, | § § § § § § | |
| Defendant. | § | |

**OPINION AND ORDER GRANTING
MOTION TO DISMISS AS TO PERSONAL JURISDICTION**

The motion to dismiss by Defendant Hyundai Oilbank Company Ltd, doing business as Hyundai Oil Houston Office Company, is granted. Dkt 20.

1. Background

Defendant Hyundai Oilbank Company is a private oil refining company based in South Korea. It has thirty-six locations in South Korea and approximately two thousand employees, most of whom are also located in South Korea. Dkt 20 at 8.

The company opened a small office in Houston, Texas in 2019. The office is staffed by a single employee, Kwang-Hwan Han. It's registration with the Texas Secretary of State provides that it's a "foreign" corporation "incorporated under the laws of" South Korea with its "principal office" in South Korea. The Houston office acts as a market

researcher and liaison to the US energy industry. Ibid; see also Dkt 20-1 at 6 (Han declaration).

Plaintiff Robert Torson is a minority shareholder of Hyundai, owning a total of 2.9 million shares. Dkt 1 at ¶¶ 6, 15. The fair market value of those shares can't be readily determined because Hyundai isn't publicly traded. Torson has thus demanded that Hyundai provide him with details of recent trades, sales, transactions, and redemptions of its stock so that he can determine the fair market value of his own shares. Torson has also demanded that Hyundai recognize him on its stock ledger as a "shareholder in due course." Hyundai hasn't complied with these demands. Id at ¶ 7–9.

Torson brought this action and asserts a claim for conversion. He also seeks a declaratory judgment ordering Hyundai to provide him with the requested stock information, that his shares be recognized as founder's shares, and that he be recognized on its stock ledger as a shareholder in due course. See Dkt 1.

Hyundai moves to dismiss this action for lack of personal jurisdiction, for *forum non conveniens*, and for failure to state a claim. Dkt 20. The latter arguments needn't be addressed due to initial determination that personal jurisdiction over Hyundai is lacking.

2. Legal Standard

A federal court may exercise jurisdiction over a nonresident defendant if the long-arm statute of the forum state confers personal jurisdiction over that defendant and exercising that jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *McFadin v Gerber*, 587 F3d 753, 759 (5th Cir 2009). The long-arm statute of Texas provides that a nonresident "does business" in Texas and so is subject to service and action in Texas if he, she, or it "commits a tort in whole or in part in this state." Tex Civil Practice and Remedies Code §§ 17.041–17.045. The Fifth Circuit holds that this statue confers jurisdiction to the limits of due process. *Latshaw v Johnston*, 167 F3d 208, 211 (5th Cir 1999). This means that

"the two-step inquiry collapses into one federal due process analysis." *Johnson v Multidata System International Corp*, 523 F3d 602, 609 (5th Cir 2008).

Federal due process permits personal jurisdiction over a nonresident defendant who has *minimum contacts* with the forum state so long as the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." Ibid. Such contacts may establish either general or specific jurisdiction.

A federal court has *general jurisdiction* over a nonresident defendant "to hear any and all claims" if that defendant's contacts with the forum are so "continuous and systematic" as to render it "essentially at home" in the forum. *Daimler AG v Bauman*, 571 US 117, 127 (2014), quoting *Goodyear Dunlop Tires Operations SA v Brown*, 564 US 915, 919 (2011) (quotation marks omitted). Demonstrating that general personal jurisdiction exists is difficult and requires "extensive contacts between a defendant and a forum." *Johnson*, 523 F3d at 609 (quotation marks and citation omitted). "General jurisdiction can be assessed by evaluating contacts of defendants with the forum over a reasonable number of years, up to the date the suit was filed." Id at 610. Such contacts "must be reviewed in toto, and not in isolation from one another." Ibid.

A federal court has *specific jurisdiction* over a nonresident defendant to adjudicate "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 US at 919. Such jurisdiction exists "when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Walk Haydel & Associates Inc v Coastal Power Production Co*, 517 F3d 235, 243 (5th Cir 2008), quoting *Panda Brandywine Corp v Potomac Electric Power Co*, 253 F3d 865, 868 (5th Cir 2001). The defendant's contacts with the forum "must be more than 'random, fortuitous, or attenuated or of the unilateral activity of another party or third person.'" *ITL International Inc v*

3

*Constenla SA*, 669 F3d 493, 498 (5th Cir 2012), quoting *Burger King Corp v Rudzewicz*, 471 US 462, 475 (1985). But even "isolated or sporadic contacts" can support specific jurisdiction "so long as the plaintiff's claim relates to or arises out of those contacts." Id at 498–99.

Proof by a preponderance of the evidence isn't required. *Johnson*, 523 F3d at 609. The plaintiff meets its burden by presenting a *prima facie* case that personal jurisdiction is proper. *Quick Techs Inc v Sage Group PLC*, 313 F3d 338, 343 (5th Cir 2002). Once the plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof then shifts to the defendant to show that the assertion of jurisdiction is "unfair and unreasonable." *Sangha v Navig8 ShipManagement Private LTD*, 882 F3d 96, 102 (5th Cir 2018), citing *Wien Air Alaska Inc v Brandt*, 195 F3d 208, 215 (5th Cir 1999). The Fifth Circuit has established five factors that a reviewing court should consider when determining whether jurisdiction is fair and reasonable:

- o *First*, the burden on the nonresident defendant of having to defend itself in the forum;
- o *Second*, the interests of the forum state in the case;
- o *Third*, the interest of the plaintiff in obtaining convenient and effective relief;
- o *Fourth*, the interest of the interstate judicial system in the most efficient resolution of controversies; and
- o *Fifth*, the shared interests of the states in furthering fundamental social policies.

*Sangha*, 882 F3d at 102.

The reviewing court must accept as true uncontroverted allegations in the plaintiff's complaint. *Johnson*, 523 F3d at 609. But the district court isn't required "to credit conclusory allegations, even if uncontroverted." *Panda*, 253 F3d at 869. The court may also receive "'any combination of the recognized methods of discovery,' including affidavits, interrogatories, and depositions to assist in the

jurisdictional analysis." *Little v SKF Serige AB*, 2014 WL 710941, \*2 (SD Tex), quoting *Walk Haydel*, 517 F3d at 241. Conflicts between any facts contained in the affidavits or other evidence submitted by the parties must be resolved in favor of the plaintiff. *Johnson*, 523 F3d at 609.

3. Analysis

Torson concedes that there's no specific jurisdiction over Hyundai in this case. Dkt 23 at 11. The only question is whether general jurisdiction exists. It doesn't.

Torson argues, "Hyundai's business affiliations with Texas are so continuous and systematic that it is essentially at home" in Texas. Dkt 23 at 11. Specifically, he contends that Hyundai "has made Houston its principal place of business within the United States," and there isn't another US jurisdiction in which to sue Hyundai. Id at 13. He also cites *Del Castillo v PMI Holdings North America Inc* for the proposition that a foreign corporation's Texas office and agent can constitute the requisite continuous and systematic contacts needed for a *prima facie* showing of general jurisdiction. Id at 14–15, citing 2015 WL 3833447, \*4 (SD Tex). He lastly argues that finding general jurisdiction would be appropriate in the "international context" because such a finding would align "with the laws of the European Union." Id at 15, quoting European Parliament and Council Regulation 1215/2012, art 7(5), 2012 OJ 7.

The Supreme Court has explained that a "corporation's place of incorporation and its principal place of business" are the "'paradigm' forums in which a corporate defendant is 'at home.'" *BNSF Railway Co v Tyrrell*, 137 SCt 1549, 1558 (2017), citing *Daimler*, 571 US at 137 and *Goodyear*, 564 US at 924. But "in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State." Ibid, citing *Daimler*, 571 US at 139 n 19. The "inquiry 'calls for an appraisal of a corporation's activities in their entirety.'" *BNSF*, 137 SCt at 1559, quoting *Daimler*, 571 US at 139 n 20. Moreover,

the Supreme Court has made it clear that this inquiry doesn't distinguish between sister-state and foreign-country corporations. *Daimler*, 571 US at 127; see also *BNSF*, 137 SCt at 1559 (noting that general jurisdiction doesn't "vary with the type of claim asserted or business enterprise sued").

This action isn't an exception to the general rule. Neither Hyundai's place of incorporation nor principal place of business is in Texas. And out of Hyundai's dozens of offices and approximately two thousand employees, only one office and one employee are in Texas. To find an exceptional case under these circumstances would render every foreign company registered to do business in Texas "at home" in this jurisdiction. Any such holding would plainly contravene the high standard for general jurisdiction set by the Supreme Court.

*Del Castillo* is easily distinguishable. That opinion issued before the Supreme Court clearly defined an "exceptional case" of general jurisdiction in *BNSF*. It also involved a defendant whose business in Texas as a share of its overall enterprise was large enough to establish a *prima facie* case for general jurisdiction. Those facts aren't present here. Torson's argument concerning international comity is likewise insubstantial. If anything, Hyundai's overwhelming presence in South Korea would weigh against finding jurisdiction in Texas.

This Court lacks personal jurisdiction over Hyundai. The motion to dismiss will be granted. Leave to amend will not be allowed, as any such attempt would be futile.

### 4. Conclusion

The motion by Defendant Hyundai Oilbank Company Ltd, doing business as Hyundai Oil Houston Office Company, to dismiss is GRANTED. Dkt 20.

The motion by Plaintiff Robert Torson for leave to file a surreply is DENIED AS MOOT. Dkt 27.

The claims asserted against Hyundai by Plaintiff Robert Torson are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Signed on January 7, 2022, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge